UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02999-KK-MBK | Date | January 27, 2026 |
|---|---|---|---|
| Title | Teklehaimanot Tekeste Andemicael v. Kristi Noem et al | | |

| Present: The Honorable | Michael B. Kaufman, United States Magistrate Judge | |
|---|---|---|
| James Munoz | | n/a |
| Deputy Clerk | | Court Smart / Recorder |
| Attorney Present for Plaintiff: | | Attorney Present for Defendant: |
| n/a | | n/a |

**Proceedings:**   **ORDER RE: SUPPLEMENTAL BRIEFING**

The Court has reviewed the parties' supplemental briefs. Dkt. 19, 20, 21. Based on Respondents' interrogatory responses and supplemental declaration, Petitioner argues that the Court should order his release or, in the alternative, hold an evidentiary hearing. Dkt. 19 at 2. The Court agrees that significant questions remain unresolved by Respondents' supplemental filings. Accordingly, the Court ORDERS Respondents to file a supplemental declaration as follows.

Respondents state that they submitted a request to travel documents to the "Eritrean Embassy" on July 17, 2025, and the "request remains pending." Dkt. 20-2 at 6. They further state that "ERO Los Angeles has not received any indication that the Government of Eritrea will deny a travel document for Andemichael." *Id*. These responses do not appear to provide complete responses to Petitioner's interrogatories. *Id*. (Interrogatory No. 5) (requesting, *inter alia*, information about communications from the Eritrean government regarding the travel document request). Respondents do not indicate whether the Eritrean government has responded to the travel document request to date and, if so, how they responded. It is also unclear why the interrogatory responses are limited to the knowledge of "ERO Los Angeles," when travel document requests are often handled by headquarters officials. *See, e.g.*, *Kamyab v. Bondi*, No. 25-cv-389-RSL-MLP, 2025 WL 2918081, at *2 (W.D. Wash. Aug. 5, 2025), *adopted*, 2025 WL 2917522 (W.D. Wash. Oct. 14, 2025); *Woldeghergish v. Lynch*, No. 1:25-cv-461, 2026 WL 71290, at *2 (S.D. Ohio Jan. 9, 2026) (discussing efforts by ICE Removal and International Operations (RIO) to secure travel documents for an Eritrean national).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02999-KK-MBK | Date | January 27, 2026 |
|---|---|---|---|
| Title | Teklehaimanot Tekeste Andemicael v. Kristi Noem et al | | |

Respondents further state: "At this time, the Government of Eritrea will accept its nationals if a Form I-269, Certificate of Identity is prepared, even in the absence of an Eritrean travel document." Dkt. 20-2 at 5. The basis for this statement is unclear. Respondents cite no evidence to support the assertion. Its interrogatory responses are verified by Christopher Jenson, an ICE Deportation Officer at Adelanto, (*id.* at 8), rather than official at ICE RIO who has direct knowledge of the Eritrean government's policies for accepting nationals. Additionally, Respondents' responses do not indicate whether Eritrea will accept a national without travel documents, if a travel document request has been submitted but the Eritrean government has yet to act on the request.

Accordingly, the Court **ORDERS** Respondents to file a supplemental declaration to address the unresolved questions regarding its efforts to remove Petitioner. The supplemental declaration must, at a minimum, address:
1) Whether the Eritrean government has responded to the July 17, 2025, travel document request and, if so, their response;
2) Respondents' efforts to secure travel documents for Petitioner, including any efforts by ICE RIO or other headquarters officials;
3) The basis for their statement that "the Government of Eritrea will accept its nationals if a Form I-269, Certificate of Identity is prepared, even in the absence of an Eritrean travel document," Dkt. 20-2 at 5;
4) The number of nationals that Eritrea has accepted with a Certificate of Identity, but no travels documents, in each of the preceding five years; and
5) Respondents' policies and procedures for removing a foreign national without travel documents or the receiving country's advanced consent.

Consistent with *Kamyab*, the declaration must be submitted by an official with ICE RIO or other official with direct knowledge of Respondents' efforts to remove Petitioner and the Eritrean government's policies for repatriation. The declaration must be submitted on or before **February 2, 2026**. The Court sets a status conference for **February 3, 2026 at 10 AM**.

**IT IS SO ORDERED**.